UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERKLEY GASKIN<br><br>Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, BRIAN MARTIN (Shield # 3347), and JOHN DOES<br><br>Defendants | ECF CASE<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>10-CV-5473 (RMB) |

**PRELIMINARY STATEMENT**

1.      This is a civil rights action, alleging that the City of New York and several New York City Police Officers violated Plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Six Amendments to the United States Constitution, as well as Plaintiff's rights under the laws of the State of New York.  Specifically, Plaintiff alleges that, on September 19, 2009, defendants falsely arrested him, assaulted and battered him, made false allegations about him to the Kings County District Attorney's Office and falsely testified at Parole hearings.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

**JURISDICTION**

2.      This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988, Article 1,  of the New York Constitution, and New York common law.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4).

4. This Court has pendent jurisdiction over Plaintiff's state law claims for false arrest, assault and battery, malicious prosecution and negligent hiring, training and retention of employment services.

## VENUE

5. Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York.

## JURY DEMAND

6. The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. Plaintiff BERKLEY GASKIN is a citizen of the United States and a resident of Kings County.

8. Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

9. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for

ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

10. At all relevant times herein, defendant BRIAN MARTIN (Shield # 3347), was a police officer employed by the NYPD and was acting in the capacity of agent, servant and employee.

11. At all relevant times herein, Defendant Martin was assigned to Brooklyn North Narcotics.

12. At all relevant times herein, defendant DOES were police officers employed by the NYPD and each one was acting in the capacity of agent, servant and employee of the City.

13. Plaintiff is unable to determine the actual names of the Defendant Does at this time and thus sues them under fictitious names.

14. At all times relevant herein, Defendants Martin and Does were each acting under color of state law in the course and scope his and her duties and functions as an agent, servant, employee and officer of the City and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his duties. Defendants Martin and Does were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employees of the City of New York and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

## STATEMENT OF FACTS

15. On September 19, 2009, at approximately 1:15 pm, plaintiff, Berkley Gaskin, was lawfully walking on Livonia Avenue and Rockaway Avenue in Brooklyn, NY. Mr. Gaskin had

just left 275 Livonia Avenue, where his uncle lives, and was walking to a barber shop on Rockaway Avenue.

16. The Defendant officers approached Plaintiff; they searched him, then hand-cuffed him and placed him under arrest. He tried to explain to the officers that he committed no crime and that he was going to get a haircut.

17. Plaintiff was placed in a police van and transported to the 73rd Precinct. While he was at the 73rd Precinct, Plaintiff was forced to take his clothes off and subjected to a body cavity search.

18. Eventually, Plaintiff was transported to Kings County Criminal Court to be arraigned. On September 20, 2009, Plaintiff appeared before a judge on Docket # 2009KN075715 and charged with selling a narcotic substance. The arraignment judge set bail-bond at $7,500.

19. While Plaintiff was in Central Booking, one or more of the arresting officers met with a prosecutor employed by the Kings County District Attorney's Office.

20. The Defendant officers misrepresented to the prosecutor that Plaintiff had committed the crimes of selling and possessing narcotics. Specifically, Defendant Martin misrepresented that he observed Plaintiff sell a narcotic substance.

21. As a result of the aforementioned misrepresentations, felony charges were filed against Plaintiff and he was held in jail. Furthermore, because of the Defendant officers' misrepresentations Plaintiff was held in jail for allegedly violating the conditions of his parole.

23. Subsequent to Plaintiff's arraignment, on September 29, 2009, Defendant Martin falsely testified at a Preliminary Parole Violation hearing that he observed Plaintiff on September

19, 2009, sell a narcotic substance outside on the street. Defendant Martin's testimony resulted in Plaintiff being held in jail pending resolution of his parole violation.

24. On December 1, 2009, a Final Parole Violation hearing was held and Defendant Martin falsely testified again in regard to Plaintiff's alleged narcotic sale of September 19, 2009. At this final hearing Defendant Martin gave entirely different testimony than he did at the preliminary hearing. The most glaring inconsistency was Defendant Martin's assertion that he observed Plaintiff sell a narcotic substance inside of a liquor store and not on the street (as he previously testified). Defendant Martin made a number of other misrepresentations that were entirely at odds with his prior testimony.

25. As a result, the presiding hearing judge, Administrative Law Judge Casey, dismissed the violation of parole against Plaintiff and he was released from jail on or about December 24, 2009.

26. As a result of the false allegations by defendant Martin, Plaintiff was held in jail from September 19, 2009, until on or about December 24, 2009.

27. On March 26, 2010, all criminal charges on Docket # 2009KN075715 were dismissed and sealed.

28. As a result of his unjustified arrest Mr. Gaskin suffered *inter alia*: deprivation of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment and the violation of his Constitutional rights.

## CAUSES OF ACTION

### FIRST CLAIM(FALSE ARREST)

29. Plaintiff repeats the foregoing allegations.

30. No officer observed Plaintiff commit a crime on September 19, 2009.

31. At no time on September 19, 2009, did Plaintiff commit a crime.

32. Accordingly, Defendants violated the Fourth Amendment and state law because they arrested Plaintiff without probable cause.

## SECOND CLAIM(FABRICATION OF EVIDENCE)

33. Plaintiff repeats the foregoing allegations.

34. Defendants, pursuant to a conspiracy, falsely stated to the Kings County District Attorney's Office that Plaintiff had committed a crime and Defendant Martin falsely testified before two different Parole hearings that Plaintiff "sold drugs."

35. Accordingly, Defendants violated the Sixth Amendment by fabricating evidence against him and denying him a fair hearing and trial.

## THIRD CLAIM(MONELL CLAIM)

36. Plaintiff repeats the foregoing allegations.

37. The City of New York, through a policy, practice and custom, directly cause the constitutional violations suffered by plaintiff.

38. Upon information and belief, the City of New York, at all relevant times, was aware that the Defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

## FOURTH CLAIM(PLAINTIFF'S STATE LAW CLAIMS AGAINST OFFICER MARTIN AND DOES)

39. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-28 as if fully set forth herein.

40. The conduct of Defendants Does, as described herein, amounted to false arrest, assault and battery and malicious prosecution in violation of New York state law.

### FIFTH CLAIM (PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK )

41. Plaintiff repeats and re-alleges the allegations contained in ¶¶ 1-28 as if fully set forth herein.

42. Because Defendant Martin and Does were acting within the scope of their employment as members of the NYPD during the incidents in question, the City of New York is vicariously liable under state law for false arrest, assault and battery and malicious prosecution.

43. Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained the individual defendants.

44. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, re-train, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

45. In addition, the following are City policies, practices and customs: (a) arresting innocent individuals, primarily minorities, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals; (b) fabricating evidence

against individuals;(c) using excessive force on individuals;(d) unlawfully strip searching pre-arraignment detainees.

WHEREFORE, Plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

1. Compensatory damages in an amount to be determined by a jury;

2. Punitive damages in an amount to be determined by a jury;

3. Costs, interest and attorney's fees;

4. Such other and further relief as the Court may deem just and proper.

DATED: July 16, 2010New York, New York

_____CHRISTOPHER WRIGHT(CW-8079)

Attorney at Law305 Broadway, 14th FloorNew York, New York 10007(212) 822-1419